County of Berks, Appellant, *v.* Margaret Denton, Appellee, and Commonwealth of Pennsylvania, Intervening Appellee.

Argued September 7, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Leonard J. Gajewski,* Assistant County Solicitor, with him *Frederick G. McGavin,* County Solicitor, for appellant.

*J. Richard Gray,* with him *John Boccabella, Alan N. Linder* and *Eugene F. Zenobi,* for appellee.

*M. Faith Angell,* Assistant Attorney General, with her *Michael Minkin,* Chief Civil Litigation Section, *Michael Von Moschzisker,* Deputy Attorney General, and *Israel Packel,* Attorney General, for intervening appellee.

MEMORANDUM OPINION PER CURIAM, September 21, 1973:

The genesis of this appeal lies in the collateral proceedings to an action in divorce whereby wife-plaintiff,

pursuant to Pa. R.C.P. No. 1137 and prior to commencement of the divorce action, seeks to proceed in forma pauperis without payment of any or all of the costs of the divorce proceedings. The collateral proceedings were initiated by petition captioned in the name of the married parties upon which the lower court directed a rule against the County of Berks, presumably for the reason that the costs of administering our judicial system at the trial level has traditionally and historically been the responsibility of county government with financial assistance from our State government in specific and limited areas.

Having been ruled to show cause why wife-plaintiff petitioner should not be granted leave to proceed in forma pauperis, the County of Berks answered with new matter asserting the want of legislative authority or constitutional duty to assume any costs of which petitioner might be relieved by order of court. It also filed a collateral petition seeking to join the Commonwealth as "an interested party" and "because legislation has not been enacted to permit the County of Berks" to pay any such costs. In its prayer for relief in this petition the County also requests that the Commonwealth be substituted for the County as respondent in the collateral proceedings initiated by wife-plaintiff petitioner. To this petition the Commonwealth filed preliminary objections asserting (1) the county is not a proper party to the collateral proceedings and has no standing to initiate its collateral proceedings against the Commonwealth, (2) the Court lacks subject matter jurisdiction in any proceedings involving the Commonwealth as a responding party assuming it to be a proper party, (3) an attempt to join the Commonwealth by a collateral petition is procedurally improper when founded upon a prior collateral proceedings, (4) want of specifity in the petition, and (5) sovereign immunity.

After argument upon the Commonwealth's preliminary objections, the lower court concluded that the Commonwealth cannot be made a party to the proposed divorce action essentially because ultimate responsibility for payment of any costs of which a party is relieved under Pa. R.C.P. No. 1137 is not within the scope of the rule. We take this to mean that the issue of ultimate responsibility for payment of any such costs is not justiciable within the framework of this procedural rule and therefore improperly raised at this time. The lower court thereupon sustained the Commonwealth's preliminary objections, from which order the County of Berks appealed to this Court.

In this appeal the Commonwealth was allowed to intervene as a party appellee and all parties argued before this Court.

As we agree with the lower court that the ultimate responsibility for the payment of costs for which litigants may be relieved by court order under Pa. R.C.P. No. 1137 is not justiciable at the present posture of this litigation, the Commonwealth is neither an indispensable nor necessary party in the collateral proceedings to a divorce proceedings initiated under Pa. R.C.P. No. 1137. Accordingly, we shall affirm the lower court. In doing so, however, we specifically refrain from and reserve for the future issues raised by other preliminary objections filed by the Commonwealth and not specifically passed upon by the lower court, as well as the equally important issue of the jurisdiction of this Court to entertain the appeal here in question. See Sections 402 and 503, Appellate Court Jurisdiction Act of July 31, 1970, P. L. 673, 17 P.S. §§211.402, 211.503.

Order affirmed.